**Forrest Dale McCULLOUGH, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Ronald D. WYATT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 18449, 18390.**

United States Court of Appeals Eighth Circuit.

Nov. 29, 1966.

J. Whitfield Moody, Executive Director of The Legal Aid and Defender Society of Greater Kansas City, Kansas City, Mo., for appellants.

Bruce C. Houdek, Asst. U. S. Atty., Kansas City, Mo., for appellee. F. Russell Millin, U. S. Atty., Kansas City, Mo., was with him on the brief.

---

Before VAN OOSTERHOUT and GIBSON, Circuit Judges, and NICHOL, District Judge.

FLOYD R. GIBSON, Circuit Judge.

This consolidated appeal is from separate and independent judgments of conviction for escape in violation of Title 18, U.S.C. § 751, rendered by different divisions of the United States District Court for the Western District of Missouri. Since the identical question of law is presented in each appeal, this Court, upon request of the appellants, ordered the cases combined for the purpose of appeal.

The evidence in these cases is uncontradicted. Appellant Wyatt arrived in Kansas City, Missouri, on February 18, 1966, in accordance with a written order from the Bureau of Prisons directing his transfer from the Federal Reformatory in Englewood, Colorado, where he was an inmate, to the Kansas City Pre-Release Guidance Center. Appellant McCullough arrived in Kansas City the same day, February 18, pursuant to an order transferring him from the Federal Reformatory in El Reno, Oklahoma to the Kansas City Pre-Release Guidance Center.

The Kansas City Pre-Release Guidance Center is part of the Bureau of Prisons. It is located in the Downtown Branch of the YMCA in space leased from the YMCA by the United States Bureau of Prisons, and is entirely staffed by Bureau of Prison personnel. The Center is designed as a "halfway house" for the rehabilitation of youthful offenders. In the words of a United States Senate Report:

> "The youths at the centers, *who remain in the custody of the Attorney General,* work at jobs obtained for them in the surrounding community and receive counsel and such practical assistance as food and shelter while becoming reestablished in the community before their releases on parole become effective." (emphasis supplied), 1965 U.S. Code Congressional and Administrative News, Vol. 2, Senate Report No. 613, p. 3078.

By a system of signing in and out, the inmates at the Center were permitted to leave the Center for specified periods of time. They were, however, expected and instructed to return within a designated hour.

Four days after arriving at the Kansas City Center, on February 23, 1966, appellant Wyatt signed out but failed to return at the designated time. He was apprehended some days later away from the Center, indicted for escape in violation of 18 U.S.C. § 751, tried without a jury before the Honorable William R. Collinson, found guilty by the Court and sentenced to one year imprisonment.

Appellant McCullough stayed at the Center until March 20, 1966. On that day he signed out, failed to return, and was eventually arrested in the state of California. McCullough, too, was charged with violating 18 U.S.C. § 751. He was tried without a jury before the Honorable Elmo B. Hunter, found guilty by the Court and sentenced to one year's imprisonment.

■ Though the facts are admitted, appellants contend that they do not constitute escape within the strict interpretation of this statute, as the Pre-Release Guidance Center had not been duly designated by the Attorney General as a pre-release facility in compliance with § 4082, Title 18, U.S.C. We find no merit in appellants' contention.

Title 18, Section 751 of the United States Code provides in part:

> "(a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General * * be fined not more than $5,000 or imprisoned not more than five years, or both; * * *."

Both of the appellants were duly confined to the Kansas City Pre-Release Guidance Center by written orders of the Bureau of Prisons, an agency of the United States Department of Justice, headed by the Attorney General. They

were under the supervision and custody of the Attorney General there, the same as if they had been confined to a more conventional prison or reformatory. In clear violation of the expressed rules of the Center they failed to return at the proper time and fled from the custody of the Attorney General. As we stated on the same facts in Nace v. United States, 334 F.2d 235, 236 (8 Cir. 1964):

> "Whatever may have been the privileges which he [appellant] was permitted to enjoy, he was nevertheless under the legal restraint of his sentence and in the custody of the Attorney General. His abscondment from the restraint and custody was an escape under § 751."

This position is considerably strengthened, we believe, by § 4082 of Title 18 as amended in 1965. This section establishes the custody of the Attorney General over individuals convicted of offenses against the United States and authorizes him to designate the place of confinement of these individuals. Subsection (c) of this statute, added in 1965, authorizes the Attorney General to "extend the limits of the place of confinement" by permitting the prisoners to (1) visit specifically designated places for a limited time, and (2) work at paid employment under stated conditions. Subsection (d) provides:

> "The willful failure of a prisoner to remain *within the extended limits of his confinement,* or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General * * *." (emphasis supplied)

Although this Court had no difficulty in applying the general escape portions of § 751 to an escape of the type presented herein, § 4082, nonetheless, removes any ambiguity that might, by a strained construction, have existed in the application

of § 751 to prisoners who fail to remain within their "extended limits of confinement." Section 4082(d) definitely authorizes punishment for such a failure even though such an authorization is probably not necessary under the broad terms of § 751 and our interpretation thereof in Nace v. United States, supra.

Appellants argue that to violate § 751 the place from which they escape must, through some formality, be designated or certified as a qualified place of confinement. A reading of § 751, under which appellants were charged, indicates no such requirement. The statute punishes escape from custody or from any facility in which the prisoner is confined by direction of the Attorney General. Therefore, failure to return to the Pre-Release Guidance Center to which these individuals were confined by direction of the Attorney General acting through the Bureau of Prisons is an escape from the custody of and the extended limits of confinement authorized by the Attorney General. Any statutory requirement of "designation" found in § 4082 applies to the designation of the prisoner to a place of confinement. It does not require the formal designation of the place of confinement as an authorized, qualified Bureau of Prisons institution in order to punish escape therefrom. This holding is in accord with the 1965 Amendment to § 4082. As set forth in the legislative history of the Act, Senate Report No. 613, 1965 U.S. Code Congressional and Administrative News, p. 3077 "The willful failure of a prisoner to remain within the extended limits of his confinement or to return on time to the institution or facility where he is a prisoner would be punishable as an escape under 18 U.S.C. 751 and 752."

The trial courts did not err in their application of the law to the undisputed facts of these cases.

Both convictions are affirmed.