**UNITED STATES of America,
Plaintiff,**

v.

**Robert L. BARBER, Defendant.**

**Crim. A. No. 1926.**

United States District Court
D. Delaware.

June 5, 1969.

Alexander Greenfeld, U. S. Atty., and Norman Levine, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Howard M. Handelman, of Bayard, Brill & Handelman, Wilmington, Del., for defendant.

## OPINION

LAYTON, District Judge.

Robert L. Barber was arrested by two agents of the F.B.I. on the afternoon of October 29, 1968. Shortly after the defendant was apprehended in his home and while the F.B.I. agents were taking him to their automobile, the agents were attacked by a group of youths and severely beaten. During the attack, the defendant left the scene and it was not until some days later that he was apprehended by the authorities. The Grand Jury for the District of Delaware returned an indictment against the defendant charging him in one count with escape from lawful custody in violation of 18 U.S.C.A. § 751(a). During February, 1969, the defendant was tried by a jury and found guilty of the offense charged. The defendant, through his attorney, filed a timely motion for a judgment of acquittal and in the alternative for a new trial. These motions are now before the Court for disposition.

Defendant's main contention is that in order to obtain a conviction for a violation of 18 U.S.C.A. § 751(a), the United States must establish that the defendant was *in lawful custody on a charge of a felony or on a charge of a misdemeanor* at the time of the escape. It is the defendant's position that no charge had been placed against him at the time of his flight and, therefore, a judgment of acquittal should be entered. In the alternative, the defendant urges that the Court erred in ruling that the defendant was in custody on a charge of a felony and that the defendant should be granted a new trial at which the jury would determine, under appropriate instructions, whether a charge had been placed against the defendant and, if so, whether the charge was desertion, a felony, or A.W. O.L., a misdemeanor.[1]

The United States argues that there was a "charge of desertion," a felony charge, against the defendant at the time of his escape. In support of its position, the Government relies on DD Form 553, the usual notification sent to the F.B.I. by the Armed Forces advising that an individual is "Wanted by the Armed Forces."[2] The DD Form 553 prepared in connection with the defendant's absence states at line 13 that the defendant was "dropped from the rolls as a deserter 30 Jul. 1968."

The Government bolsters its contention that the statement at line 13 of DD Form 553 is "sufficient to meet the requirements of a charge against the defendant," by pointing to Army Regulation 630–10, promulgated by order of the Secretary of the Army pursuant to 10 U.S.C. § 3012(g). AR 630–10 provides in Section 29 that an absentee is to be dropped from the rolls as a deserter, "by appropriate morning report entered" * * * "[u]pon expiration of 29 consecutive days of unauthorized absence." Section 7(a) of AR 630–10 states: "The Commanding Officer will cause DD 553 to be prepared for distribution not earlier than the date the absentee is dropped from the rolls of the organization as a deserter." Further, Section 8 of AR 630–10 provides for the distribution of DD Form 553. Thus, the Government contends that the entry at line 13 on DD Form 553 sufficiently places a charge

---

1. The importance of determining whether defendant was in custody on a charge of a felony or a misdemeanor arises from the terms of the Escape Act which provide in pertinent part:

   "Whoever escapes * * * from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody * * * is by virtue of an arrest on a charge of felony * * * be fined not more than $5,000 or imprisoned not more than 5 years, or both; or if the custody * * * is * * * by virtue of an arrest for a misdemeanor, be fined not more than $1,000 or imprisoned not more than 1 year, or both."

2. In its brief, the United States called the Court's attention to Michael v. United States, 393 F.2d 22 (10th Cir., 1968), which inferentially, at least, supports the Government's position. However, because the Court in *Michael* did not directly concern itself with the issue now presented, I am unable to place any particular reliance on that case.

against the defendant especially when read in conjunction with the underlying procedure for the preparation and distribution of the DD Form 553.

The defendant's reply to the Government argument, just outlined, is first that neither Form 553 nor the procedures initiated and circulating that Form constitutes a charge against the defendant in that nowhere in the regulations is there a requirement that it be determined that the defendant left with the intent to remain away, a necessary element of the crime of desertion, 10 U.S.C.A. § 885. Secondly, the defendant argues that whatever else it does, DD Form 553 neither charges nor states that the defendant will be charged with the crime of desertion. At most, the entry at line 13 is an administrative determination that the defendant has been absent for a given period of time and that he has been dropped from the rolls of his unit.

■ I am unable to accept the defendant's argument which, as I understand it, construes the word "charge" in § 751(a) as contemplating a formal complaint. Such a construction would impermissibly reduce the scope of the statute. Under the defendant's interpretation, were two F.B.I. agents to apprehend a bank robber, whom they had observed committing a robbery, and were the robber to escape, there could be no successful prosecution under 18 U.S.C.A. § 751(a) because no formal charge had been placed against the robber. To avoid this untoward result and to give effect to the Congressional purpose,[3] it is my view that the word "charge" in § 751(a) only requires that the custody be predicated on probable cause that the defendant committed a particular offense.

■ The uncontroverted facts on the record here establish that the agents had reliable information that the defendant had been missing from the Armed Forces for 120 days as of October 29, 1968, that, as evidenced by DD Form 553, he was wanted by the Armed Forces and, further, that the defendant had actively avoided apprehension. Accordingly, the agents lawfully arrested[4] the defendant and lawfully held him in custody at the time of his flight, which arrest and custody were amply based on probable cause to believe that the defendant had committed a felony, to wit, desertion from the Armed Forces.

■ In these circumstances, the defendant is not entitled to a judgment of acquittal. Nor is the defendant entitled to a new trial. The determination of the meaning of the word "charge" in the statute and the determination that the agents had probable cause to arrest for desertion are matters for the Court and not issues to be submitted to the jury, where, as here, the legal conclusions are based solely on facts neither disputed nor challenged.

■ The other assignments of error that the verdict is contrary to the weight of the evidence and that the verdict is not supported by substantial evidence are, after examination, found to be without merit.

Defendant's motions will be denied for the reasons stated and a judgment of conviction will be entered.

Submit order.

3. In amending the Escape Act to include persons adjudicated Juvenile Delinquents under the Federal Juvenile Delinquency Act, the House Report states, inter alia, "Under existing law any person who escapes from the custody of the Attorney General or from any custody by virtue of any process or lawful arrest is subject to the provisions of the Escape Act." 1963 U.S.Code Congressional and Administrative News, 88th Congress, First Session, HR No. 1014, pp. 1381, 1383.

4. The authority for the F.B.I. to arrest the defendant is found both under 10 U.S.C.A. § 808 and under 18 U.S.C.A. § 3052.