**UNITED STATES of America**

v.

**Morris W. VAUGHN, Appellant.**

**No. 24084.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 23, 1971.

Decided May 25, 1971.

Mr. Robert W. Healy, Washington, D. C., with whom Mr. James A. Koerner, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Michael J. Madigan, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before McGOWAN and TAMM, Circuit Judges, and DAVIES,* United States District Judge for the District of North Dakota.

---

* Sitting by designation pursuant to Title 28, U.S.Code, Section 292(c).

**PER CURIAM:**

In this appeal from a conviction under 18 U.S.C. § 751(a), the so called federal escape law, the only question raised is that of whether that statute is applicable. Appellant, while awaiting trial for robbery, was by order of the court permitted to participate in the work release program. This meant that he was released from the D.C. Jail for a few hours each day for the purpose of working for a private employer. Failing to return to the jail one day, appellant was apprehended two months later on another charge of robbery.

■ Appellant argues that, at the time he failed to return to the jail, he was not in the custody of the Attorney General within the meaning of Section 751(a).[1] He points out that his participation in the work release program was under the authority of the Bail Reform Act, 18 U.S.C. § 3146(a) (5), which provides that the court may grant pretrial release upon conditions, "[i]ncluding a condition requiring that a person *return to custody* after specified hours." (Emphasis supplied.) Appellant further insists that, since the Bail Reform Act has its own penal provisions, 18 U.S.C. § 3150, Congress is to be taken as intending those to be, apart from contempt, the exclusive source of sanctions for violating a conditional release under that statute.

We are not persuaded of the validity of these contentions, either alone or in combination. The Congressional response in 1965 to a decision holding that an escape from a halfway house was not covered by Section 751(a) is very significant for present purposes. In order to nullify the ruling in United States v. Person, 223 F.Supp. 982 (S.D. Cal.1963), Congress amended 18 U.S.C. § 4082 to provide as follows:

> The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in [Section 751(a)].

■ The penal provisions of the Bail Reform Act are couched in terms of a default in appearances "before any court or judicial officer as required." Appellant's defection was not of that nature. What he did appears to us to be plainly within the contemplation of Section 751(a) which, as its legislative history makes clear, applies to pretrial, as well as postconviction, custody. *See* H.R. Rep. No. 1014, 88th Cong. 1st Sess. 1 (1963), U.S.Code Cong. & Admin.News 1963, p. 1381; and United States v. Barber, 300 F.Supp. 771 (D.Del.1969).

Affirmed.

---

1. The statute provides in pertinent part as follows:

    Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner * * * shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; * * *.