UNITED STATES, Appellant,

v.

MacArthur VENABLE, Appellee.

UNITED STATES, Appellant,

v.

Daryl W. WALDEN, Appellee.

Nos. 7585 and 7622.

District of Columbia Court of Appeals.

Submitted Jan. 29, 1974.

Decided March 20, 1974.

Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry, Richard L. Beizer, Henry F. Schuelke, III, and Richard A. Graham, Asst. U. S. Attys., were on the brief, for appellant.

Stephen S. Millstein, Washington, D. C., appointed by this court, for appellee in No. 7585. No brief was submitted.

Joseph H. Sharlitt, Washington, D. C., appointed by this court, for appellee in No. 7622. No brief was submitted.

Before REILLY, Chief Judge, and KELLY and YEAGLEY, Associate Judges.

PER CURIAM:

These are appeals by the government from an order of the trial court, in each case dismissing that part of each indictment charging that defendant "having been committed to a penal institution . . . did escape therefrom" in violation of D.C. Code 1973, § 22–2601. They were not charged with escaping "from the custody of any other officer thereof or any other officer or employee of the District of Columbia" as provided in that section. The trial court dismissed each indictment finding as a matter of law that a D.C. halfway house is not a "penal institution". The government appeals from those orders.

Appellee Walden was convicted on October 22, 1969, of a felony and sentenced to the custody of the Attorney General for six years under the Youth Corrections Act. He was committed to Lorton Youth Center from which he was transferred on August 8, 1972, to a Community Treatment Center at 1825 13th Street, N.E., a halfway house operated by the Department of Corrections under the authority of Part III B of Organization Order No. 7 of the Reorganization Plans and Orders of the District of Columbia.[1] On August 26, 1972, he departed the Center and failed to return.

Although appellee Walden at first was committed to the custody of the Attorney General he came under the supervision of the Commissioner of the District of Columbia when he was confined at the Youth Center at Lorton, Virginia.[2]

1. Title I, D.C.Code 1973, Appendix at 232.

2. 18 U.S.C. § 5025(c) (1970).

Appellee Venable was not sentenced under the Youth Corrections Act, but, on conviction of grand larceny, was sentenced to the custody of the Attorney General for two to six years and thereupon placed in the custody of the Corrections Department of the District of Columbia. By a delegation of authority [3] the Attorney General authorized the Commissioner of the District of Columbia, or his authorized representative, to transfer prisoners so committed "to any available suitable or appropriate institution or facility (including a residential community treatment center) . . . ." On November 13, 1972, Venable was transferred to the Residential Treatment Center, 512 C Street, N.E., a halfway house operated by the Bureau of Rehabilitation for the Department of Corrections. He failed to return after departing the Center on January 30, 1973.

The two cases were consolidated for argument in this court; however, neither appellee filed a brief, presumably because of our intervening decision in Armstead v. United States, D.C.App., 310 A.2d 255 (1973). Both cases were submitted without argument.

District of Columbia Organization Order No. 7, December 27, 1967,[4] authorized the Director of the Department of Corrections "to implement work release programs authorized under Public Law 89–176 (18 U.S.C. 4082)."

That law authorized the transfer of prisoners committed to the custody of the Attorney General to residential treatment centers so they could work at paid employment "while continuing as a *prisoner*". (Emphasis added.)

No challenge is made here to the authority underlying the transfer of either appellee to a halfway house.

In *Armstead*, appellant, a misdemeanant, was transferred by the District of Columbia Department of Corrections to a privately owned halfway house to participate in a work release program. He left the halfway house and failed to return, whereupon he was indicted for violation of D.C. Code 1973, § 22–2601, prison breach. A motion to dismiss the indictment was made, on the basis that only the milder penalties provided in D.C.Code 1973, § 24–465(b), were applicable to absconders from work release programs.

We held in *Armstead* that § 24–465 was not applicable as the appellant had not been placed in a work release program pursuant to a court order, as required in misdemeanant cases by D.C.Code 1973, §§ 24–461 and 24–462. Therefore, the milder penalty provisions of § 24–465 were inapplicable to him. On the other hand, appellees here, being felons, were not eligible for the work release program under § 24–461 and consequently could not be prosecuted under the lesser charge provided in § 24–465.

We find relevant what we said in *Armstead*, 310 A.2d at 256:

Appellant remained in the custody of the Department at all times and his place of limited confinement in a halfway house was but a substitute for a more structured environment of the minimum security facility from which he was transferred. He remained in a penal institution of the District of Columbia for purposes of the breach of prison statute and did escape therefrom. . . . (Footnote omitted.)

We think it clear that such a result is called for here and reaffirm that holding. Appellees were not misdemeanants but each was, in the course of serving his sentence, transferred to a halfway house from which he "escaped". The result in each case is necessarily controlled by *Armstead*.

The order of the trial court in each case is therefore reversed and the cases are remanded for further proceedings.

Reversed.

3. Department of Justice Order No. 352–66, 28 C.F.R. Ch. I, Appendix to Subpart Q, Part O (1970).

4. Title I, D.C.Code 1973, Appendix at 232.