**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis Ray JONES, Defendant-Appellant.**

**No. 77-3433.**

United States Court of Appeals, Ninth Circuit.

Feb. 10, 1978.

---

Thomas W. Hillier, II, Seattle, Wash., for defendant-appellant.

Jack Meyerson, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, CHOY and TANG, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

This appeal presents a single issue: Does a charge of escape under 18 U.S.C. § 751 require proof of intent to avoid confinement? We conclude that it does not and we affirm the judgment of conviction.

After a conviction for bank robbery and commitment to prison, appellant was released to a contract "half-way house" in Seattle and was instructed in its regulations. He was restricted during furloughs to the limits of King County.

A weekend pass for March 4–6, 1977 provided that he return by midnight on March 6 and not be involved in any criminal conduct. He left the county, went by bus to Vancouver, Washington (175 miles from Seattle) to commit a burglary on March 5, was apprehended, gave a false name, and was detained. He did not return on time to the half-way house and was charged with escape.

It is the trial court's refusal to instruct a jury that intent to avoid confinement was an element of proof which gives rise to this appeal. Title 18 U.S.C. § 4082(d) provides:

> The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in Chapter 35 of this title.

A federal prisoner participating in a pre-release or half-way house program by designation of the Attorney General commits an escape when he *willfully* violates the terms of his extended confinement.

While this court has not previously addressed the precise situation, other circuits have and we shall follow their lead. *United States v. Leonard,* 162 U.S.App.D.C. 212, 498 F.2d 754 (1974); *United States v. Hollen,* 393 F.2d 479 (4th Cir. 1968), and *McCullough v. United States,* 369 F.2d 548 (8th Cir. 1966).

In *Leonard,* the defendant left prison with a prisoner band to play concerts in nearby communities. The band members were restricted to the authorized activities and traveled under escort. Leonard missed the returning bus, left the restricted area, and was arrested six months later in New York. In affirming his conviction for escape, the court said:

> [S]ince § 4082(d) makes a mere wilful failure to return to the institution within the time prescribed an "escape" . . . the action of [the defendant] in wilfully failing to remain within the extended limits of his confinement during the escorted trip under the circumstances herein set forth is clearly an escape from custody and a violation of Section 751(a), *particularly as enlarged by Section 4082(d).*

*United States v. Leonard, supra* 162 U.S. App.D.C. at 215, 498 F.2d at 757 (emphasis added).[1]

*Hollen* involved a work-release program at a reformatory under which selected inmates who were released during the day were required to return each night. The defendant failed to return, was captured, and convicted of escape. The Fourth Circuit affirmed. *United States v. Hollen, supra.*[2]

The defendant in *McCullough* signed out of a half-way house but failed to return by the time designated. This was held to be an escape under 18 U.S.C. §§ 4082(d) and 751. *McCullough v. United States, supra* at 550.

These cases, and our holding today, comport with the plain meaning of §§ 4082(d) and 751, when read together. In addition, the legislative history of the bill which became § 4082(d) clearly states that "[t]he willful failure of a prisoner to remain within the limits of his confinement or to return on time to the institution or facility where he is a prisoner would be punishable as an escape under 18 U.S.C. 751 and 752." S.Rep.No.613, 89th Cong., 1st Sess., *reprinted in* [1965] U.S.Code Cong. & Admin.News, pp. 3076, 3077.

In the case before us, Jones left the area to which he had been restricted, traveled across the state to a city on the Oregon border, committed a felony, and failed to return at the designated hour. There is no question that Jones willfully exceeded the limits of his confinement when he left King County. Furthermore, his failure to return on time, although due to his incarceration, was also the result of his willful conduct.

The court instructed the jury that the elements of the offense included "willful failure" to remain within the limits of, or timely return to, confinement. General instructions regarding the legal definition of "willfulness" were also given.

Under the circumstances of this case, the instructions given accurately explained to the jury the applicable legal standard.[3]

---

1. Appellant relies on *United States v. Vaughn,* 144 U.S.App.D.C. 316, 446 F.2d 1317 (1971), for the proposition that § 4082(d) merely expanded the definition of "custody" applicable under § 751. However, in *Leonard* the same court, while acknowledging the holding of *Vaughn,* indicated that § 4082(d) goes much further.

    Although Leonard's six-month absence provided considerable circumstantial evidence of an "intent to avoid confinement," the court's express language describes a "willful failure to return" as the mental element required to sustain a conviction under §§ 4082(d) and 751.

2. In *Hollen,* a brief per curiam opinion, the escapee was at large for 20 days. Although the period of absence again would give rise to an inference of intent to avoid confinement, the court's emphasis, to the extent it is discernible, appears to be on the defendant's failure "to return to [the] reformatory at [the] end of his work day . . . ." 393 F.2d at 479.

3. The instructions adequately conveyed to the jury the necessity that they find a "blameworthy" mental state as an element of the offense. *United States v. Nix,* 501 F.2d 516, 519 (7th Cir. 1974). *See, e. g., United States v.*

The court did not err in refusing to give the defendant's requested instruction regarding "intent to avoid confinement."

AFFIRMED.

*Michelson,* 559 F.2d 567, 570 (9th Cir. 1977); *United States v. Snow,* 157 U.S.App.D.C. 331, 484 F.2d 811 (1973); *Chandler v. United States,* 378 F.2d 906, 908 (9th Cir. 1967).