**Amos E. CRAIG, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 86–1509.**

District of Columbia Court of Appeals.

Submitted Nov. 21, 1988.
Decided Dec. 21, 1988.

Jonathan Zucker, Washington, D.C., was on the brief for appellant.

Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Mary Ellen Abrecht, Scott L. Fredericksen, and Saul M. Pilchen, Asst.

U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEWMAN and FERREN, Associate Judges, and REILLY, Senior Judge.

NEWMAN, Associate Judge:

In this case, we are presented with the application of the statute of limitations [1] to our prison breach statute.[2] We conclude that prison breach is a continuing offense; thus, no statute of limitations bar exists on this record. We affirm.

■ Craig was committed to the custody of the Attorney General on April 18, 1977, for a term of eighteen to fifty-four months, having been convicted of a crime. On December 8, 1977, he was transferred to a halfway house. He left the halfway house on authorized leave on December 16, 1977, to return not later than 2:00 a.m. on December 17, 1977. When he did not return as required, he was placed on escape status. On January 3, 1978, an arrest warrant was issued for Craig for the crime of prison breach; he was arrested on that warrant on June 28, 1986. He was indicted for prison breach on July 17, 1986; he was tried and convicted on March 14, 1987.

■ The trial court rejected Craig's contention that his prosecution for prison breach was barred by the six-year statute of limitations, and found that Craig fell within the "fugitive from justice" tolling provision of that statute. We do not address this issue,[3] given our holding that prison breach is a continuing offense.[4]

A continuing offense "contemplates a prolonged course of conduct." *Toussie v.*

---

1. D.C.Code § 23–113 (Supp.1988), in relevant part, provides:

   (a)(2) ... a prosecution for a felony other than murder in the first or second degree is barred if not commenced within six (6) years after it is committed.
   (b) An offense is committed either when every element occurs, or if a legislative purpose to prohibit a continuing course plainly appears, at the time when the course of conduct, or the defendant's complicity therein, is terminated.

   . . . . .

   (f) No statute of limitations shall extend to any person fleeing from justice.

2. D.C.Code § 22–2601 (1981).

3. We thus avoid the issue of whether the trial court erred in overruling what appear to be valid hearsay objections to the admission of certain fugitive squad records.

4. We may affirm the trial court on grounds other than those on which it relied. *Adams v. United States,* 502 A.2d 1011, 1015 n. 2 (D.C. 1986).

*United States,* 397 U.S. 112, 120, 90 S.Ct. 858, 863, 25 L.Ed.2d 156 (1970). In *United States v. Bailey,* 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980), the Supreme Court constructed the federal prison breach statute, 18 U.S.C. § 751(a), as constituting a continuing offense. The federal statute is substantially similar to our prison breach statute. We have previously looked to cases construing the federal statute for assistance in construing ours. *See Days v. United States,* 407 A.2d 702 (D.C.1979). Since we find nothing in the language of our statute or its legislative history which indicates that Congress had a different intent with respect to our statute from its federal analogue, we find *Bailey* to be per-

suasive authority. We hold that violation of our prison breach statute constitutes a continuing offense. Thus, the statute of limitations did not commence to run until the day after Craig was returned to custody. *See* D.C.Code § 23–113(b) (Supp.1988). His indictment for prison breach occurred on July 17, 1986, well within the limitation period.

AFFIRMED.