UNITED STATES of America, Plaintiff,

v.

Mike MIRANDA, Defendant.

Civ. A. No. 90–Z–677.
Crim. A. No. 89–CR–22.

United States District Court,
D. Colorado.

Oct. 29, 1990.

Michael P. Carey, Joseph T. Urbaniak, Jr., Asst. U.S. Attys., Denver, Colo., for plaintiff.

Vicki Mandell–King, Asst. Federal Public Defender, Denver, Colo., for defendant.

## ORDER

WEINSHIENK, District Judge.

This matter is before the Court on defendant's Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. The motion has been fully briefed, and the Court determines that oral argument would not be of material assistance in rendering a decision.

On December 15, 1988, after a jury trial in this Court, defendant Mike Miranda was convicted of violating 21 U.S.C. § 841, possession with intent to distribute more than 500 grams of cocaine in case number 88–CR–212 (the drug case). On that same date, this Court continued defendant's bond. As an additional condition of the bond, defendant was ordered to reside at the Boulder Community Treatment Center (Boulder CTC). On December 21, 1988, defendant failed to return to the Boulder CTC. Defendant was arrested pursuant to a warrant on December 30, 1988.

On January 13, 1989, an indictment was filed in Case No. 89–CR–22 charging defendant with escape in violation of 18 U.S.C. § 751(a) (the escape case). The Indictment stated that defendant

did escape from the Boulder Community Treatment Center ... an institution and facility in whose custody he was under by virtue of process issued under the laws of the United States by a United States District Court Judge.

On December 15, 1988, defendant MIKE MIRANDA had been convicted in the United States District Court for the District of Colorado of a felony offense, after which conviction Judge Zita Weinshienk ordered him to reside at said Boulder Community Treatment Center as a condition of bond and his release thereon pending sentencing on said conviction.

Indictment, filed Jan. 13, 1989. On January 19, 1989, defendant entered a plea of guilty in the escape case, and was sentenced to a term of one year to run concurrent with the sentence imposed in the drug case.

Defendant now moves to vacate his sentence in the escape case because the facts alleged in the Indictment, and the facts which defendant admitted in his plea, are not sufficient to constitute the crime charged in the escape statute, 18 U.S.C. § 751(a), which provides:

Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by the direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or [magistrate], or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000.00 or imprisoned not more than five years, or both;

...

Specifically, defendant contends that his residence at the Boulder CTC was not "custody" as that term is used in the above statute. If defendant was not in custody at the time he failed to return to the Boulder CTC, he could not have been guilty of escaping from custody, and thus could not be guilty of violating § 751.

■ Therefore, this Court must consider the meaning of "custody" as that term is used in the escape statute. A federal prisoner residing at a halfway house or similar facility as part of a pre-release program by designation of the Attorney General is in custody for purposes of the escape statute. *See United States v. Jones*, 569 F.2d 499 (9th Cir.1978). The prisoner in *Jones* had failed to return to the halfway house after release on a weekend pass. The court in *Jones* relied on what is now designated as 18 U.S.C. § 4082(a) which states:

The willful failure of a prisoner to remain within the extended limits of confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General,

shall be deemed an escape from the custody of the Attorney General. . . .

■ In the instant case, defendant was not in the Boulder CTC as part of a pre-release program, nor was he designated to that facility by the Attorney General as part of his sentence. Rather, defendant's stay at the Boulder CTC was a required condition of bond. The Court, therefore, concludes that 18 U.S.C. § 4082 does not apply to the factual circumstances of the case at bar.

The government cites *United States v. Vaughn,* 446 F.2d 1317 (D.C.Cir.1971), in which a prisoner, in the District of Columbia jail while awaiting trial, was participating in a work release program. After being released from the jail for several hours during the day, the prisoner was required to return to the jail. The prisoner failed to return and was not apprehended until two months later. Relying on 18 U.S.C. § 4082, the *Vaughn* court held that, although the prisoner's participation in the work release program was under the authority of the Bail Reform Act, the escape statute could be applied. *Id.* at 1318.

This Court concludes that the *Vaughn* case is not determinative of defendant's motion. The prisoner in *Vaughn* was confined to jail and thus in custody, albeit on work release. He failed to return to that custody at the prescribed time. Defendant Miranda, however, was not in a jail. He was required to reside at the Boulder CTC as a condition of his bond pending sentencing. Nor is this case similar to *Rindgo v. United States,* 411 A.2d 373 (D.C.App. 1980), where the defendant was convicted of prison breach in violation of the criminal code of the District of Columbia. The court in *Rindgo* applied the ruling in *Vaughn* to uphold the trial court's denial of a motion for judgment of acquittal.

■ Time spent at a halfway house before sentencing is not considered "official detention" in determining credit to be awarded under 18 U.S.C. § 3585 toward a sentence for time spent prior to sentencing. *See United States v. Woods,* 888 F.2d 653, 656 (10th Cir.1988). However, the *Woods* decision also does not determine defen-

dant's motion. "Official detention" under 18 U.S.C. § 3585 means "imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." *U.S. v. Woods,* 888 F.2d at 655. Therefore, "official detention" for purposes of determining pretrial credit is narrower than "custody" for purposes of the escape statute, discussed in the *Vaughn* and *Rindgo* cases.

Nor is it helpful to refer to the expansive definition of "custody" for purposes of conferring standing to bring a habeas corpus action under 28 U.S.C. § 2241. In *Hensley v. Municipal Court,* 411 U.S. 345, 349, 93 S.Ct. 1571, 1573, 36 L.Ed.2d 294 (1973), the Supreme Court held that a person released on bail or on personal recognizance may be "in custody" within the meaning of the habeas corpus statute. Obviously, one could not be found guilty of violating the escape statute by escaping from his or her own personal recognizance.

■ Similarly, the plain meaning of 18 U.S.C. § 751(a) indicates that "custody" is something different than a specified place of residence as a bond condition. Defendant was not in the custody of the Attorney General, and was not confined in the Boulder CTC by the direction of the Attorney General. He was not in the custody of a federal officer. The government argues that he was in custody in the Boulder CTC "by virtue of any process issued . . . by any judge." However, a bond condition that defendant live in a particular place is not tantamount to "custody." If the defendant had been required to live with his parents as a condition of bond, he would not have been charged with escape from custody if he decided to leave his parent's residence.

Therefore, the Court holds that defendant was not in custody, as that term is used in 18 U.S.C. § 751(a), and that the facts did not support a conviction for violating the escape statute. Accordingly, it is

ORDERED that defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody is granted. It is

FURTHER ORDERED that defendant's conviction and sentence in *United States v. Miranda*, Case No. 89–CR–22, are vacated.