**UNITED STATES of America, Plaintiff,**

v.

**Damien D. EVANS, Defendant.**

No. 95–10005–01.

United States District Court,
D. Kansas.

April 20, 1995.

---

Steven K. Gradert, Wichita, KS, for Damien D. Evans.

Lanny D. Welch, Office of U.S. Atty., Wichita, KS, for U.S.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the defendant's motion to dismiss for failure to state a federal offense, Doc. 14. The defendant is charged by indictment with escape from custody in violation of 18 U.S.C. § 751(a). These charges are based upon the defendant's conduct in leaving the halfway house, where he was residing as a condition of pretrial release on bond in an earlier criminal case. The government has filed a brief in opposition to the motion to dismiss. The court held a hearing on April 7, 1995. For the reasons stated herein, the court shall grant the motion to dismiss.

In that earlier criminal case, Case No. 94–10076, the defendant was charged with carjacking and the use of a firearm during a crime of violence. Also in Case No. 94–10076, the defendant was placed on bond with a condition that he reside with specified family members. On August 22, 1994, the defendant appeared before the Magistrate Judge to show cause why his bond should not be revoked. At the conclusion of the hearing, the Magistrate Judge reinstated the bond but set new conditions of release. One condition of release was that the defendant reside at the halfway house. On or about August 26, 1994, the defendant failed to return to the halfway house. On November 25, 1994, the United States moved to dismiss the charges in Case No. 94–10076. The present indictment charging escape was filed on January 5, 1995. The defendant remained at large until he was arrested on the present charge on January 17, 1995.

The indictment charges the defendant as follows:

> On or about August 26, 1994, in the District of Kansas, DAMIEN D. EVANS did knowingly escape from an institution or facility, namely, the Federal Halfway

House for Adults after being ordered confined pending trial in Case No. 94–10076 by U.S. Magistrate Karen M. Humphreys, for felony offenses, to-wit: taking by force, violence and intimidation a motor vehicle which had been transported in interstate commerce and using or carrying a firearm in relation to a crime of violence, namely carjacking, which is a violation of Title 18 United States Code, Sections 2119, 2, and 924(c). All in violation of Title 18, United States Code, Section 751(a).

Doc. 1.

The defendant moves to dismiss, arguing that he was not "in custody" within the meaning of 18 U.S.C. § 751(a) and that the charge of escape from custody fails to state an offense. The statute at issue provides that:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; ...

18 U.S.C. § 751(a).

The defendant was released by order of the United States Magistrate Judge on condition that he reside in the halfway house pending trial. The language "[w]hoever escapes ... from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or

commissioner [i.e., magistrate]" contained in § 751(a) would appear to lend support to the government's position that leaving such pretrial detention in the halfway house constitutes an escape. However, as stated in this opinion, the court adopts the better-reasoned view which distinguishes between pretrial release on bond (with or without conditions) and post-conviction custody.

■■■ An essential element of the offense defined in § 751(a) is that the defendant be held in the type of custody defined in the last half of that paragraph. For a felony violation of § 751(a), the indictment must charge that custody is by virtue of: (1) an arrest on a felony charge; or (2) conviction of any offense.[1] *United States v. Green*, 797 F.2d 855, 858 (10th Cir.1986). The indictment does charge that the defendant was confined to the halfway house for felony offenses. However, as discussed below, the defendant was not in "custody" within the meaning of the statute when he was confined to the halfway house as a condition of bond.[2]

■■■ Only a few cases have addressed the issue before this court. The Ninth Circuit has ruled that a defendant's release to a halfway house as a condition of pretrial release on bond did not constitute "custody" such that the defendant may be charged with escape from custody upon failure to return to the halfway house. *United States v. Baxley*, 982 F.2d 1265, 1269–70 (9th Cir.1992). The court noted that the restrictions imposed upon the defendant at the halfway house in no way approached those of incarceration. *Id.* at 1269. The court further noted that the conditions of the defendant's release were much more analogous to probation than they were to imprisonment. If a defendant violates either probation or bond conditions, he faces revocation but not escape charges. *Id.* at 1269–70.

---

**1.** A misdemeanor violation of § 751(a) requires that custody or confinement be "for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction." The defendant is charged with a felony violation of § 751(a).

**2.** The court is not here addressing an unauthorized departure from a halfway house where the

defendant is in the custody of the Attorney General serving a sentence imposed upon conviction of an offense. Such conduct falls within the meaning of the escape statute. *E.g., United States v. Taylor*, 933 F.2d 307 (5th Cir.), *cert. denied*, 502 U.S. 883, 112 S.Ct. 235, 116 L.Ed.2d 191 (1991); *United States v. Vanover*, 888 F.2d 1117 (6th Cir.1989), *cert. denied*, 495 U.S. 934, 110 S.Ct. 2177, 109 L.Ed.2d 506 (1990).

One district court within the Tenth Circuit has reached the same conclusion. In *United States v. Miranda*, 749 F.Supp. 1062 (D.Colo. 1990) a defendant was ordered to reside at a treatment center as a condition of bond, after conviction but prior to sentencing. The defendant was charged with escape when he left the treatment center and failed to return. In a well-reasoned opinion, Judge Weinshienk ruled that "the plain meaning of 18 U.S.C. § 751(a) indicates that 'custody' is something different than a specified place of residence as a bond condition." *Id.* at 1064. Judge Weinshienk noted, "If the defendant had been required to live with his parents as a condition of bond, he would not have been charged with escape from custody if he decided to leave his parent's residence." *Id.*

The government relies on two older cases from the District of Columbia. *United States v. Vaughn*, 144 U.S.App.D.C. 316, 446 F.2d 1317 (1971); *Rindgo v. United States*, 411 A.2d 373 (D.C.1980). *Vaughn* is factually distinguishable. In *Vaughn*, the defendant was a pretrial detainee in the District of Columbia jail who was allowed to participate in a work release program. The defendant failed to return to jail at the appointed time and was not apprehended for two months. The D.C. Circuit held that the escape statute applied. Unlike *Vaughn*, defendant Evans was not in jail as a pretrial detainee in Case No. 94–10076.

Further, this court believes that *Vaughn* improperly blurs the distinction between pretrial detention at a halfway house and service of a sentence at a halfway house. The court in *Vaughn* stated:

> The Congressional response in 1965 to a decision holding that an escape from a halfway house was not covered by Section 751(a) is very significant for present purposes. In order to nullify the ruling in *United States v. Person*, 223 F.Supp. 982 (S.D.Cal.1963), Congress amended 18 U.S.C. § 4082 to provide as follows:
>
> > The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in [Section 751(a)].

*Vaughn*, 446 F.2d at 1318. The statute quoted in *Vaughn* pertains to the service of a sentence of imprisonment following conviction of a crime. *See* 18 U.S.C. § 4081 et seq. The case cited in *Vaughn* involved a defendant who was completing a sentence of imprisonment at a halfway house and who walked away without permission. *United States v. Person*, 223 F.Supp. 982 (S.D.Cal. 1963). Unlike the facts in *Person*, defendant Evans was not serving a sentence of imprisonment when he left the halfway house.

The other case cited by the government is likewise unpersuasive. *Rindgo v. United States*, 411 A.2d 373 (D.C.1980) merely relies on *Vaughn* and another District of Columbia Court of Appeals case, *Armstead v. United States*, 310 A.2d 255 (D.C.1973) without any additional analysis.

The court's own research has disclosed no additional cases on point. The court chooses to follow the more recent decisions from the District of Colorado and the Ninth Circuit instead of the more dated decisions from the D.C. Circuit and the D.C. Court of Appeals.

While the Tenth Circuit has not had occasion to address this particular issue, a decision on a similar issue lends support to this court's decision. In *United States v. Green*, 797 F.2d 855 (10th Cir.1986), the defendant was charged with attempting to escape from the custody of his parole officer, who had arrested him for a violation of his federal parole. *Id.* at 856. The Tenth Circuit pointed out that an essential element of the felony crime of escape is that the defendant be held in a certain type of custody—either for an arrest on a felony charge or for a conviction of any offense. *Id.* at 858. A violation of parole is not itself a criminal offense, although the underlying conduct may be. The Tenth Circuit held that an arrest for parole violation is not a form of custody within the ambit of § 751(a). *Id.*

Similarly, this court finds that residing in the halfway house as a condition of pretrial release is not a form of custody within the meaning of § 751(a). Once released on bond, it is a criminal offense for the

defendant to fail to appear before a court as required by conditions of release[3] or to fail to surrender for service of sentence pursuant to court order. 18 U.S.C. § 3146(a). If the person had been released in connection with a felony charge, this failure to appear/failure to surrender is likewise a felony offense. *Id.* § 3146(b)(1)(A)(i)–(iii). Otherwise, the violation of a bond condition is not itself a criminal offense. *See United States v. Green,* 797 F.2d at 858.

 While the indictment charging defendant Evans does speak of "felony offenses," it does not change the nature of the defendant's detention in the halfway house. The defendant's detention in the halfway house was for violation of his bond conditions, not for an arrest on felony charges or for a conviction. From the events that occurred in Case No. 94–10076 and in the present case, it appears that the defendant has had a difficult time complying with bond conditions. However, violation of bond conditions does not constitute a felony offense; it merely provides grounds for revocation of bond.

The court does not condone the defendant's behavior in leaving the halfway house. Residing in the halfway house was a condition of pretrial release in Case No. 94–10076. Upon absconding from the halfway house, the defendant faced revocation of his bond and pretrial detention in the local jail. If he were convicted of the underlying offenses, the United States Sentencing Guidelines would call for a two level increase in the base offense level (obstructing or impeding the administration of justice) because of flight from the halfway house. U.S.S.G. 3C1.1, application note 3(e). Further, evidence of such flight would likely be admissible at the trial of the underlying offense. Finally, the time spent in pretrial detention might not be credited to any sentence that could have been imposed on the underlying felony charges. Leaving the halfway house carries a number of penalties. It is not, however, a violation of 18 U.S.C. § 751(a).

 Applying the rule of lenity, the court must conclude that the conduct charged herein is not a crime. The ambiguities involving the term "custody" must be resolved in favor of the criminal defendant. *United States v. Baxley,* 982 F.2d 1265, 1270 (9th Cir.1992). Accordingly, the court concludes that the indictment in this case fails to state a violation of federal law.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 14) is hereby granted.

---

**3.** In Case No. 94–10076, although the defendant was considered an absconder and a warrant was issued for his arrest, the defendant never failed to appear for any court appearances.