UNITED STATES of America, Plaintiff—Appellee,

v.

Mark BLOOM, Defendant—Appellant.

No. 05–50475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2006.

Decided Feb. 1, 2006.

Steve Miller, AUSA, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Shaun Khojayan, Esq., San Diego, CA, for Defendant—Appellant.

Before: SCHROEDER, Chief Judge, GOODWIN, Circuit Judge, and SEDWICK,* District Judge.

MEMORANDUM **

Mark Bloom appeals his conviction for violating 18 U.S.C. §§ 751(a), 4082(a); escaping from the custody of the Attorney General. Bloom argues that no probable cause existed to support his arrest and that a conviction violates his double jeopardy rights because he had been punished when the Bureau of Prisons ("BOP") revoked his "good time" credits for escaping.

At the time of the escape, Bloom was serving a twenty-four month sentence in federal custody for alien smuggling. The first portion of Bloom's sentence was served in a federal prison in Phoenix, Arizona. Prior to his release from custody, the BOP transferred Bloom to a Community Corrections Center ("CCC") in San Diego, California. On his first day at the CCC, Bloom checked out on a hygiene and job search pass and never returned.

## I. Probable Cause To Support Arrest

Section 751 of Title 18 prohibits "escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General." 18 U.S.C. § 751(a). The scope of § 751 is expanded by 18 U.S.C. § 4082. *See* 18 U.S.C. § 4082(a) ("The willful failure of a prisoner to ... return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from custody of the Attorney General punishable as provided in chapter 35 of this title [18 U.S.C. §§ 751 et seq.]"). The term "facility" in § 4082(a) includes residential community treatment centers. 18 U.S.C. § 4082(c).

We have held that, under § 4082, "[a] federal prisoner participating in a pre-release or half-way house program by designation of the Attorney General commits an escape when he *willfully* violates the terms of his extended confinement." *United States v. Jones,* 569 F.2d 499, 500 (9th Cir.1978). Furthermore, in *Jones* we noted that "the legislative history of [§ 4082] clearly states that 'the willful failure of a prisoner to remain within the limits of his confinement or to return on time to the institution or facility where he is a prisoner would be punishable as es-

---

* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cape under 18 U.S.C. § 751.'" *Id.* at 501 (quoting S. REP. No. 89–613, at 3 (1965), *as reprinted* in 1965 U.S.C.C.A.N. 3076, 3077).

■ We review de novo determinations of probable cause for warrantless arrests. *Picray v. Sealock,* 138 F.3d 767, 770–71 (9th Cir.1998) (citing *Ornelas v. United States,* 517 U.S. 690, 691, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). We review determinations of probable cause for arrests pursuant to a warrant for clear error. *United States v. Castillo,* 866 F.2d 1071, 1076 (9th Cir.1988). The record is unclear whether Bloom's arrest was pursuant to a warrant. It is clear, however, that Bloom's failure to return to the CCC, a form of Attorney General custody, establishes probable cause to arrest him on suspicion of escape even under the most exacting standard.

## II. Double Jeopardy Rights

■ Bloom's argument with respect to double jeopardy must also fail because he was not, as his argument assumes, released from custody when he was transferred from the federal prison to the CCC. Applying the holding in *United States v. Brown* to Bloom:

> [T]he prohibition against double jeopardy does not bar criminal prosecution for conduct that has been the subject of prison disciplinary sanctions for two independent reasons: 1) even if the sanctions were 'punishment,' they were integral parts of [Bloom's] single punishment for [alien smuggling]; and 2) the sanctions are not punishment for purposes of double jeopardy because they are solely remedial.

59 F.3d 102, 104 (9th Cir.1995).

"Whether a defendant's double jeopardy rights have been violated is a question of law reviewed de novo." *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir. 2005) (citing *United States v. McClain,* 133 F.3d 1191, 1193 (9th Cir.1998)). When the BOP disciplined Bloom for escaping, he was still serving his sentence for the alien smuggling conviction. The BOP's disciplinary actions, although in response to Bloom's escape, were part of Bloom's single punishment for alien smuggling. Bloom's double jeopardy rights, therefore, were not violated by this escape conviction.

**AFFIRMED.**