Cleveland E. McMILLIAN, a/k/a Cleveland E. McMillan, Appellant,

v.

UNITED STATES, Appellee.

No. 7696.

District of Columbia Court of Appeals.

Argued June 20, 1974.

Decided Oct. 16, 1974.

———◆———

Thomas A. Guidoboni, Washington, D. C., for appellant.

Jeffrey T. Demerath, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and William S. Block, Asst. U. S. Attys., were on the brief, for appellee.

Before GALLAGHER and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

This is an appeal from a conviction of prison breach under D.C.Code 1973, § 22–2601. After his arraignment on a charge of second degree murder, appellant was held in custody under an order setting a $20,000 bond for his release. Later this was vacated, and the court ordered that he be released on certain specified conditions so that he could participate in a work release program. One of the conditions was that he live at Community Correction Center No. 4 operated by the Department of Corrections. Not long thereafter he was released from the facility so that he could make an appearance in court, but appellant failed to return to the correction center that evening as scheduled. Some six weeks later he was arrested on a bench warrant and subsequently indicted for prison breach. Appellant moved to dismiss the indictment on the ground that it did not state an offense and later moved for judgment of acquittal. Both motions were denied.

On appeal appellant contends that having been granted a form of pretrial release he had not been "committed" to a penal institution within the meaning of the statute. We agree.

We have previously held that for the purpose of a prosecution under the prison breach statute a halfway house serves as a penal institution as to one who has been convicted and committed to the custody of the Attorney General. Armstead v. United States, D.C.App., 310 A.2d 255 (1973). See also United States v. Venable, D.C. App., 316 A.2d 857 (1974).

It remains for us to decide therefore whether appellant was "committed" within the meaning of the section of the D.C. Code under which he was prosecuted. Consequently, we turn to the language of the order signed by the court to determine what his status was while at the halfway house on pretrial release.

The form used by the court in formalizing appellant's release read in pertinent part:

YOU ARE HEREBY RELEASED ON THE CONDITIONS INDICATED BELOW:

[x] PERSONAL RECOGNIZANCE. Your personal recognizance, provided that you promise to appear at all scheduled hearings, trials, or otherwise as required by the Court.

. . . . . .

YOU ARE RELEASED ON THE FOLLOWING ADDITIONAL CONDITIONS INDICATED BELOW:

[x] 1) SUPERVISORY CUSTODY

You hereby agree to be placed in the custody of . . . who agrees (a). to supervise you in accordance with the conditions below, (b). to use every effort to assure your appearance at all scheduled hearings, trials, or otherwise, and (c). to notify the D. C. Bail Agency immediately in the event you violate any condition of release or disappear. . . .

The form goes on to state where he is to live and with whom, giving address and telephone number. It further provides that he is to obtain a job in five days, remain in the District of Columbia and report for narcotics testing and treatment. Under a heading of "Violation of Conditions" the accused is advised that any violation of the conditions will subject him to revocation of release and prosecution for contempt of court involving a fine of not more that $1,000 or imprisonment for six months or both. This is in accordance with D.C. Code 1973, § 23–1329. Under the heading "Failure to Appear" he is advised that if he fails to appear before a judge or other judicial officer he shall be subject to prosecution. If the original charge was a felony, failure to so appear would subject the accused to "a fine of not more than $5000 and imprisonment for not less than one year and not more than 5 years." This corresponds to D.C.Code 1973, § 23–1327 relating to pretrial release [1] and differs from prison breach which provides for a penalty of "not more than 5 years." No reference is made to the prison breach statute even though D.C.Code 1973, § 23–1321(c) states that one "authorizing the release of a person under this section . . . shall inform such person of the penalties applicable to violations of the conditions of his release. . . ." Both the defendant and his attorney signed the form as required followed by the signature of the judge after the words "So ordered".

While it could be said that when appellant was arrested and was unable to make bond he was "committed" [2] pending trial, we find no authority either in our Code or the Superior Court rules suggesting that once an accused is put on pretrial release he is "committed". The pretrial order of the court with which we are concerned was a conditional release of appellant on his personal recognizance imposing certain conditions to which he agreed. If it had been intended as a commitment, it would not have needed the concurrence of the accused. We must accept the order for what it was intended and purports to be, a release from custody, pending trial, on the accused's personal recognizance. We know of no authority and we are cited to none holding such an action to be a commitment within the meaning of an escape or prison breach statute.

In so holding we are not unmindful of United States v. Vaughn, 144 U.S.App.D.C. 316, 446 F.2d 1317 (1971), cited by appellee, which held that the Federal Escape Act [3] can be applied to escapes from pretrial as well as postconviction custody.

---

1. *Compare* 18 U.S.C. § 3150 (1970), penalties for violation of conditional release by failing to appear.

2. *See* 18 U.S.C. § 3041 (1970).

3. 18 U.S.C. § 751(a) (1970).

The court in *Vaughn* was not faced with a question as to whether the appellant there was "committed", but with statutory language proscribing one's failure to return to an institution designated by the Attorney General. The statutes and their legislative histories are quite different. A few years ago when a federal court held that one's failure to return to a postsentencing halfway house, as was the case with Vaughn. did not constitute a violation of the Federal Escape Act,[4] the Congress amended the law to specifically bring a failure to return within the ambit of that statute.[5] The equivalent language is not found in the prison breach statute of the District of Columbia Code. However, it is found in § 23–1327 referred to above regarding conditional release. The court in *Vaughn* found that the facility to which the appellant there failed to return [6] was such a facility as described in the Act and designated by the Attorney General.

Since we lack comparable language in our prison breach statute and in view of the nature of appellant's status at the time of the offense resulting from his having been conditionally released, we cannot hold that he had been committed so as to bring him within the prison breach statute. The government will not be without remedy in other cases, for, as indicated in the release form, the Congress has adopted legislation specifically providing remedies and penalties for violations of conditions of pretrial release. In the instant case, according to the record, appellant failed to appear in court as scheduled, but he was not charged with that offense. The motion for judgment of acquittal should have been granted. Accordingly, the judgment of the trial court is

Reversed.

---

4. United States v. Person, 223 F.Supp. 982 (S.D.Cal.1963).

5. 18 U.S.C. § 4082(d) (1970) provides that: The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in [section 751(a)].

6. The Federal Bail Reform Act permits a court to grant pretrial release on condition he return to custody after specified hours. 18 U.S.C. § 3146(a)(5) (1970).