**Arthur COLLINS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 94–CO–895.**

District of Columbia Court of Appeals.

Submitted June 15, 1995.
Decided Sept. 28, 1995.

---

9. JBI also asserts that the trial court erred in its grant of summary judgment on the counts of promissory estoppel and fraud. The same difficulties facing JBI with respect to proof of an oral agreement preclude any successful showing of promissory estoppel under the requirements of *Bender v. Design Store Corp.,* 404 A.2d 194 (D.C. 1979). With respect to the fraud claim (termed "bad faith" on appeal), JBI's arguments raised below focused on the "ulterior motives for breaching the agreement of June 19, 1991." In light of our holding that there was no "agreement," this claim must fail as well.

Elizabeth H. McGrail, Washington, DC, appointed by the court, was on the brief for appellant.

Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Assistant United States Attorney, were on the brief for appellee.

Before WAGNER, Chief Judge, RUIZ, Associate Judge, and GALLAGHER, Senior Judge.

PER CURIAM:

On April 7, 1994, after the trial court denied appellant's motion to suppress tangible evidence, appellant entered a plea of guilty to one count of possession of a controlled substance, in violation of D.C.Code § 33–541(d) (1993 Repl.).[1] Appellant argues that the trial court erred in denying his motion to suppress because the police did not have probable cause to arrest him and conduct a search incident to arrest. However, because appellant failed to enter a conditional plea pursu-

ant to Super.Ct.Crim.R. 11(a)(2), he has waived his right to appeal pre-judgment motions and thus his claim fails.

■ A defendant who enters a guilty plea ordinarily waives all non-jurisdictional defects in the proceedings below on appeal. *United States v. Gines,* 964 F.2d 972, 977 (10th Cir.1992) (speedy trial violation is a non-jurisdictional defect waived by guilty plea); *see also United States v. Caperell,* 938 F.2d 975, 977 (9th Cir.1991) (guilty plea waives all constitutional claims occurring before plea except those involving jurisdiction). Super.Ct.Crim.R. 11(a)(2) states that in order to challenge a pre-judgment motion, the defendant must enter a conditional plea "reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion." Super.Ct.Crim.R. 11(a)(2) (1994 Repl.). A conditional plea requires approval by the trial court and consent from the government. *Id.* Failure to specify a particular pretrial issue in the written plea agreement will preclude raising that issue on appeal. *Id.* This rule is identical to a Federal Rule. *See* FED.R.CRIM.P. 11(a)(2).

■ The record does not reflect that the plea agreement was conditional, nor does appellant allege that it was, and we therefore will presume that the plea was unconditional. There was no written agreement preserving the denial of the motion to suppress for appellate review. Moreover, there was no "indicia of a plea conditioned on a right to appeal pretrial matters" whether written or oral. *See United States v. Bell,* 966 F.2d 914, 917 (5th Cir.1992) (finding a plea unconditional because "the record contains no manifestation of a reservation of appellate rights . . .").[2]

---

1. Appellant was sentenced to six months imprisonment, but the court suspended all but two months of the sentence. The government subsequently dropped the other count of possession of a controlled substance.

2. Moreover, it appears that appellant profited from the unconditional plea agreement when, as stated, the government dropped the second count of possession of a controlled substance, thus re-

ducing his possible sentence. See *supra,* note 1; *Bell, supra,* 966 F.2d at 917–18 (considering the fact that a second charge was dropped in its finding that the plea was unconditional). The court sentenced appellant to six months imprisonment, suspended all but two months, and indicated that the mandatory minimum sentence did not apply.

Because appellant entered an unconditional plea of guilty to one count of possession of cocaine, he has waived all pre-judgment issues on appeal. Super.Ct.Crim.R. 11(a)(2); *United States v. Frye,* 271 A.2d 788, 790 (D.C.1970) ("Ordinarily, the question of the correctness of the decision on a motion to suppress does not survive the guilty plea"); *Gines, supra,* 964 F.2d at 977; *United States v. Burke,* 281 U.S.App.D.C. 165, 168 n. 4, 888 F.2d 862, 865 n. 4 (1989).

*Affirmed.*