**Walter L. DEMUS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 97–CF–469.

District of Columbia Court of Appeals.

Argued March 11, 1998.
Decided April 16, 1998.

Patrick J. Norman, Alexandria, VA, for appellant.

Rachel Adelman Pierson, Assistant United States Attorney, with whom Mary Lou Leary, United States Attorney, and John R. Fisher, and Mary–Patrice Brown, Assistant United States Attorneys, were on the brief, for appellee.

Before KING and REID, Associate Judges, and WINFIELD *, Associate Judge of the Superior Court of the District of Columbia.

KING, Associate Judge:

Walter Demus appeals the ruling of the trial court denying his motion to dismiss a single count indictment in which he was charged with prison breach in violation of D.C.Code § 22–2601 (1995 Supp.). The charge arose out of Demus's unauthorized failure to return to the halfway house in which he had been placed pending trial in another criminal case. Judge Washington denied the motion to dismiss in a comprehensive and well considered order which is set forth in its entirety in the appendix. We are persuaded by the trial court's reasoning, and we adopt Judge Washington's order as the opinion of this court.[1] Accordingly, for the reasons stated, the judgment is affirmed.

We write further, however, because we are concerned about one procedural aspect of this case which we raise *sua sponte*. The appeal here was taken after the entry of a conditional plea of guilty. The governing rule provides in part that:

> With the approval of the Court and the consent of the government, a defendant may enter a plea of guilty or nolo contendere, reserving *in writing* the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion.

Super. Ct.Crim. R. 11(a)(2) (emphasis added). Although it is clear from the transcript of the plea proceeding that Demus was entering his guilty plea conditioned upon his reservation

---

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1995).

1. The order has undergone some editing to bring it into conformity with the citation form and formatting practices of this court. No substantive changes were made.

of the right to appeal the denial of the motion to dismiss, and that the government and the trial court agreed to that procedure, there was no written reservation as required by the Rule 11(a)(2). While the government does not challenge Demus's right to appeal the adverse ruling in this case, it urges that we enforce this written requirement in future cases to avoid uncertainty concerning which pretrial ruling is being appealed, or any doubt with respect to whether there has been approval by the government and the trial judge taking the plea. We agree.

■ Because our rule is identical to the federal rule we look with favor on the federal authorities where we have no clear precedent in this court. *See, e.g., Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith v. Beards,* 680 A.2d 419, 427 n. 5 (D.C.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1335, 137 L.Ed.2d 494 (1997). In that regard, the Advisory Committee Notes to the federal rule emphasize the importance of a written reservation, suggesting that the requirement be enforced:

> The requirement that the conditional plea be made by the defendant "reserving in writing the right to appeal from the adverse determination of any specified pretrial motion," . . . will ensure careful attention to any conditional plea. It will document that a particular plea was in fact conditional, and will identify precisely what pretrial issues have been preserved for appellate review. By requiring this added step, it will be possible to avoid entry of a conditional plea without the considered acquiescence of the government . . . and post-plea claims by the defendant that his plea should be deemed conditional merely because it occurred after denial of his pretrial motions. . . .

Advisory Committee Notes to Rule 11, Fed. R.Crim.P., 97 F.R.D. 245, 283, (1983). Not

all federal jurisdictions, however, agree with the sentiments expressed in the quoted passage, with at least one court suggesting that the lack of a written reservation may be excused under the harmless error provision.[2] *See, e.g., United States v. Fernandez,* 887 F.2d 564, 566 (5th Cir.1989).

■ Other federal courts, however, have held, without reaching the issue whether a written reservation should be mandated, that formal adherence to the rule's provision are necessary and essential. *See, e.g., United States v. Pierre,* 120 F.3d 1153, 1156 (11th Cir.1997). We are satisfied that the latter view best assures there will be no misunderstanding concerning what was agreed to in the trial court. Therefore, we think that strict adherence to the requirement of a written reservation is the preferable course. Indeed, we have observed that "[f]ailure to specify a particular pretrial issue in the written plea agreement will preclude raising that issue on appeal." *See Collins v. United States,* 664 A.2d 1241, 1242 (D.C.1995).

As we have said, the government does not contend that Demus has lost his right to appeal the adverse ruling by the trial court, and we do not, by resolving his appeal on the merits, disagree. In the future, however, the reservation of the right to appeal a specified ruling as part of a conditional guilty plea must be set forth in writing.[3] *Id.*

## APPENDIX

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Criminal Division

### Felony Branch

| | |
|---|---|
| UNITED STATES | ) |
| | ) Crim No. F–8729–96 |
| v. | ) Judge Washington |
| | ) |
| WALTER L. DEMUS | ) |

2. Fed.R.Crim.P. 11(h) which is the same as Super. Ct.Crim. R. 11(h).

3. Although we do not prescribe any particular procedure, we think that a description of the specific defense motion that was denied by the trial judge for which review is being sought, written onto the jury trial waiver form (Form CD–1089/Feb 81), which is signed by the defendant, defense counsel, prosecutor, and judge,

would ordinarily be sufficient. *See Jackson v. United States,* 498 A.2d 185, 189 (D.C.1985) (written waiver of right to jury trial required pursuant to Super. Ct.Crim. R. 23(a)); *see also In re Tinney,* 518 A.2d 1009, 1012 n. 4 (D.C.1986) ("We expect the trial court and counsel to comply with the [requirement of Rule 23(a) that waiver be in writing]").

### ORDER

This matter is before the court on defendant's Motion to Dismiss the Indictment charging him with felony escape from an institution, pursuant to D.C.Code § 22–2601. After a thorough review of defendant's motion and the government's timely filed opposition thereto, the court concludes that defendants motion should be denied.

#### I. *Facts and Background*

On July 2, 1996, Walter L. Demus ("the defendant"), was arraigned on a charge of possession of cocaine[1] in criminal case number M–7469–96. The court released the defendant on his personal recognizance. The defendant failed to appear for his trial on August 30, 1996, and a bench warrant was issued for his arrest. The defendant was apprehended on September 6, 1996, pursuant to the bench warrant and was held for presentment and arraignment on September 7, 1996 in case M–10588–96 on charges that he violated the Bail Reform Act[2] ("BRA").

On September 16, 1996, pursuant to a bond review motion, the defendant was released to a Community Correctional Center ("halfway house") under D.C.Code § 23–1321(c)(1)(B)(xi). On September 24, 1996, the defendant lawfully checked out of the halfway house, but failed to return. A bench warrant was issued for the defendant's arrest on October 1, 1996. The defendant was arrested and was subsequently indicted on a felony charge of escape from an institution, in violation of D.C.Code § 22–2601.

Defendant asserts that the indictment charging him with escape from an institution should be dismissed because a defendant accused of a misdemeanor who is placed in a halfway house pending trial cannot be prosecuted for felony escape under D.C.Code § 22–2601, as amended ("statute"). Specifically, the defendant argues that the statute is inapplicable because such a charge is not supported by the plain meaning or the legislative history of the statute. Further, defendant argues that, because the order that places a defendant in a halfway house pending trial does not indicate that disobedience of the order could result in such a prosecution, such a prosecution violates constitutional notions of due process and, therefore, should not be allowed. Finally, defendant asserts that allowing a prosecution for felony escape under the facts in this case would contradict relevant case law.

#### II. *The Plain Meaning and Legislative History of D.C.Code § 22–2601, as amended, does not bar prosecution in the instant case for Felony Escape*

In order to determine whether a defendant accused of a misdemeanor who is being held in a halfway house pending trial can be prosecuted under the felony escape statute, the court must look to the language and legislative history of the statute. Prior to June, 1994, the governing provision read:

"any person ***committed to*** a penal institution of the District of Columbia who escapes or attempts to escape therefrom, or ***from the custody of any officer thereof or any other officer or employee of the District of Columbia, or*** any person who procures, advises, connives at, aids, or assists in such escape, or conceals any prisoner after such escape, shall be guilty of an offense ..."

D.C.Code § 22–2601 (1989 Repl.) (emphasis added).

In *McMillian v. United States,* 326 A.2d 241 (D.C.1974), the District of Columbia Court of Appeals was faced with the question of whether a defendant released to a halfway house prior to trial who leaves without authority could be prosecuted under the felony escape statute. The defendant in *McMillian* argued that he was not subject to prosecution under the felony escape statute, as it read at that time, because under the plain meaning of the statute, a person had to be committed to an institution in order to escape and be prosecuted under the escape statute. The District of Columbia Court of Appeals agreed and held that defendant's motion to dismiss the indictment and subsequent motion for judgment of acquittal should have been granted by the trial court because, where a defendant was released from pretrial

---

1. D.C.Code § 33–541(d).

2. D.C.Code § 23–1327.

custody on the condition that he live in a halfway house, he was not "committed" within the purview of the prison breach statute and therefore could not be charged with a violation of § 22–2601. *Id.*

In 1994, the Council of the District of Columbia ("Council") passed the Omnibus Criminal Justice Reform Amendment Act ("Act") which included language amending several statutes, including D.C.Code § 22–2601. D.C.Code § 22–2601, as amended on June 22, 1994, provides, in pertinent part:

(a) No person shall escape or attempt to escape from:

(1) Any penal institution or facility in which that person is *confined* pursuant to an order issued by a court, judge, or commissioner in the District of Columbia; or

(2) The lawful custody of an officer or employee of the District of Columbia or the United States.

D.C.Code § 22–2601 (1996 Repl.) (emphasis added).

Defendant argues that the word "confined", as used in the amended statute, should be given the same interpretation as the Court of Appeals gave to the word "committed" under the old statute because the Congress, in allowing the Act to become law, did not provide any guidance as to how the new language should be interpreted. Thus, the defendant argues that the Council intended that the scope of the law's coverage not be disturbed. For the following reasons, this argument cannot be sustained.

"The primary rule of statutory construction is that the intent of the legislature is to be found in the language which it has used." *J. Parreco & Son v. Rental Housing Comm'n,* 567 A.2d 43, 46 (D.C.1989). Moreover, "the words of the statute should be construed according to their ordinary sense, and with the meaning commonly attributed the them." *Id.* Black's Law Dictionary[3] defines "confinement" as being "shut in; imprisoned; [or] detained in [a] penal institution." It further states that a person is detained in a penal institution when he is

"kept back, restrained or withheld" inside a penal institution.

It is clear that a defendant placed in a halfway house, whether pretrial or post-conviction, is confined because he or she is detained subject to the rules and regulations established by the District of Columbia Department of Corrections and the court.

Moreover, this jurisdiction has consistently held that for the purposes of § 22–2601, a halfway house is a penal institution. *See Gonzalez v. United States,* 498 A.2d 1172, 1174 (D.C.1985), and *Mundine v. United States,* 431 A.2d 16, 17 (D.C.1981). Therefore, a defendant placed in a halfway house pending trial is confined in a penal institution and the use of the word "confined" as opposed to "committed" significantly changes the reach of D.C.Code § 22–2601.

In addition to the plain meaning of the statute, the court reviewed the legislative history of the Act for guidance as to an appropriate interpretation of the scope of § 22–2601, as amended. The Council's Report of the Committee on the Judiciary, which accompanied the Act, provides the only legislative history for the amendment to this section of the Act. In pertinent part, the report states:

"... Title II redefined the crime of prison escape. Under current law there is only be [sic] an escape if a person has been committed, thus a person sent to a halfway house before sentencing is not committed, thus cannot escape. The new definition of escape includes all escapes from lawful custody, before and after sentencing."

Council of the District of Columbia, Report of the Committee on the Judiciary on Bill 10–98, The Omnibus Criminal Justice Reform Amendment Act of 1994, January 26, 1994, at 16. This statement makes it clear that the Council intended that the amended statute cover those situations where a defendant is confined in a halfway house, prior to being committed after sentencing.

Further direction as to an appropriate interpretation of § 22–2601, as amended, can be derived from a review of the case law that has developed under the statute governing

3. BLACK'S LAW DICTIONARY, 298 (6th ed.1990).

escape from federal institution[4]. This statute makes it a violation for any person to escape from any federal institution or facility in which a person is confined. In *United States v. Vaughn,* 144 U.S.App. D.C. 316, 317, 446 F.2d 1317, 1318 (1971), the District of Columbia Circuit Court of Appeals was presented with the issue of whether the federal escape law applies to pretrial, as well as post-conviction custody. The court in *Vaughn* held that the federal escape law clearly applied to pretrial, as well as post-conviction, custody. *Id.* Furthermore, since that decision, federal courts have not disturbed this interpretation of § 751(a) as applying to pretrial assignments to halfway houses. *See United States v. Leonard,* 162 U.S.App. D.C. 212, 215, 498 F.2d 754, 757 (1974); *United States v. Jones,* 569 F.2d 499, 501 (9th Cir.1978); *Moreland v. United States,* 968 F.2d 655, 666 (8th Cir.1992).

III. *Defendant's Due Process Rights have not been violated by virtue of the instant prosecution.*

The defendant next argues that the prosecutorial discretion allowed by § 22–2601 violates the defendant's due process rights. Specifically, the defendant argues that notions of due process and law of the case bar prosecution under D.C.Code § 22–2601 because additional prosecution under the escape statute is not contemplated in the court order. The defendant argues that the court order provides for specific penalties should the court order be violated and that he may only be prosecuted in accordance with that order. This argument must also be rejected.

In *Gonzalez v. United States,* 498 A.2d 1172, 1174 (D.C.1985), the defendant attempted to make a similar argument with respect to D.C.Code § 24–465(b). The defendant in *Gonzalez* argued that because D.C.Code § 24–465(b) provided a penalty for a work release prisoner's "failure to return" to his designated place of confinement, it was the exclusive penalty for such a violation and, therefore he could only be prosecuted in accordance with that order. However, the District of Columbia Court of Appeals reject-

ed that argument holding that as long as there was no explicit conflict on the face of the statutes in question, the escape statute merely provided an alternative means for prosecuting an escape from a penal institution. "... the well established rule of statutory construction [provides] that where one statute is not irreconcilable with another statute but both statutes can have coincident operation, the court should interpret them so that they are both effective." *Id.* at 1176. In the instant case, as in the *Gonzalez* case, there is no conflict between the court order and the escape statute.

Therefore, there is nothing which prevents the defendant's prosecution for escape under the court order or the felony escape statute and it is within the discretion of the prosecutor as to which penalty to seek.

This prosecutorial discretion allowed by § 22–2601 does not violate a defendant's due process rights. "[T]he availability of two different penalties for escapes from halfway houses in no way violates the notice requirement of the Due Process Clause." *Gonzalez* at 1177. The Supreme Court has noted that "while the availability of more than one statute may create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments." *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). Therefore, "the fact that particular conduct may violate both statutes 'does not detract from the notice afforded by each'" and the defendant's due process rights have not been violated. *Gonzalez* at 1177 (citing *Batchelder* at 123, 99 S.Ct. at 2204). Finally, the pretrial work release order, which place defendants in a halfway house, includes the penalties for violating conditions of release under § 23–1329 of the BRA. These are penalties that may be imposed in the case at bar. The order also provides, in bold print, the condition "YOU ARE NOT TO COMMIT ANY CRIMINAL OFFENSE." Committing a new offense, whether a burglary, a robbery or an escape, may well trigger sanctions under § 23–1329 in a case in which the defendant is on pretrial

---

4. 18 U.S.C. § 751(a).

work release, but in no way do those sanctions bar prosecution of the new offense. Therefore, there is nothing which prevents alternative punishments for escape from a halfway house to coexist, thereby leaving it within the prosecutorial discretion as to which penalty to seek.

The conduct with which the defendant is charged in the indictment in this case, escaping from a Department of Corrections halfway house where he was confined pursuant to a pretrial work release order entered by a judge of the Superior Court, is conduct proscribed and made punishable under § 22–2601 as amended in 1994.

Accordingly, it is this 18th day of March 1997,

**ORDERED:** That the defendant's Motion to Dismiss the Indictment is DENIED.

---

Eric T. Washington